IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MINOSA ECHOLS,<br><br>    Plaintiff,<br><br>v.<br><br>JULIE A. BAUER,<br><br>    Defendants. | Case No. 3:24-cv-03319-JEH |

### Order

    Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

    The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d

1

645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he filed a lawsuit in March 2020 after another TDF resident had hit him in the face with a laundry bag full of dining trays. Plaintiff alleges that, following a settlement conference in that case, the district judge recruited Defendants Bauer, Stephens, Suber, and McCray to represent him as pro bono counsel. Plaintiff alleges that Defendants failed to subpoena the laundry bag, video footage, and his assailant's disciplinary history. He alleges that they failed during the jury trial to admit certain impeachment evidence, call witnesses, and called him to testify first even though he was supposed to go last.

Plaintiff does not have a constitutional right to effective assistance of counsel in a civil case. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017). The Court finds that Plaintiff fails to state a claim upon which relief can be granted. The Court would ordinarily grant Plaintiff an opportunity to amend per this circuit's routine practice, but, because the Seventh Circuit has consistently rejected prisoner claims arguing that their attorneys failed to adequately represent them in a civil case, the Court finds that any amendment would be futile, and it will dismiss this case accordingly. *See id.*; *Colin v. Gerst*, 2023 WL 6830178, at *2 (7th Cir. 2023) (rejecting the argument that "counsel should have bolstered [Plaintiff's] case by filing a supplemental complaint.").

### Plaintiff's Motion (Doc. 7)

Plaintiff's motion states that he does not have access to the Internet for purposes of accessing the Standing Order and Temporary Standing Order Pending Appointment of a Peoria Magistrate Judge referenced in the Court's Text Order entered November 17, 2024. Plaintiff's motion is granted to the extent

that he seeks hard copies of these orders and denied as to any other relief requested.

**Therefore:**

1) **Plaintiff's Motion for Leave to Proceed in forma pauperis [3] is DENIED.**

2) **Plaintiff's Motion [7] is GRANTED in part and DENIED in part. Clerk is directed to send Plaintiff courtesy copies of the standing orders referenced in the Court's November 17, 2024, Text Order.**

3) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

*It is so ordered.*

Entered: December 3, 2024

s/Jonathan E. Hawley
U.S. District Judge